UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRANCE L. O'BANION, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:20-cv-00354-SLC |
| | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, *sued as Kilolo Kijakazi,* | ) |
| *Acting Commissioner of Social Security*,[1] | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Plaintiff Terrance L. O'Banion appeals to the district court from a final decision of the Commissioner of Social Security ("Commissioner") denying his applications under the Social Security Act (the "Act") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF 1). For the following reasons, the Commissioner's decision will be remanded.

### I. FACTUAL AND PROCEDURAL HISTORY

O'Banion applied for benefits in February 2018, alleging disability beginning July 1, 1997. (ECF 16 Administrative Record ("AR") 15, 202-14). O'Banion previously received disability benefits from September 10, 2010, through November 30, 2017. (AR 15, 345-53). Therefore, O'Banion amended his alleged onset date to December 1, 2017, the date subsequent to his prior benefits terminating. (AR 15, 17). O'Banion's claim was denied initially and upon reconsideration. (AR 118-25, 131-44). After a timely request (AR 145-46), a hearing was held on October 24, 2019, before administrative law judge ("ALJ") Kathleen Winters, at which O'Banion, represented by counsel, and a vocational expert ("VE") testified (AR 32-57). On December 18, 2019, the ALJ rendered an unfavorable decision to O'Banion,

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, *see, e.g.*, *Butler v. Kijakazi*, 4 F.4th 498 (7th Cir. 2021), and thus, she is automatically substituted for Andrew Saul in this case, *see* Fed. R. Civ. P. 25(d).

concluding that he was not disabled because he could perform a significant number of jobs in the economy despite the limitations caused by his impairments. (AR 15-26). O'Banion's request for review was denied by the Appeals Council (AR 1-6), at which point the ALJ's decision became the final decision of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

O'Banion filed a complaint with this Court in October 2020, seeking relief from the Commissioner's decision. (ECF 1). In his appeal, O'Banion alleges that the ALJ: (1) failed to properly assess his subjective symptoms, (2) failed to properly account for all of his limitations in the residual functional capacity ("RFC"), and (3) erred at step five in accepting the VE's numbers and job specifications. (ECF 22 at 4-25).

At the time of the ALJ's decision, O'Banion was fifty-four years old, and he has no past relevant work. (AR 24). In his application, O'Banion alleged disability due to lupus, open heart surgery, fibromyalgia, nodes disease, and social anxiety. (AR 234).

## II. STANDARD OF REVIEW

Section 405(g) of the Act grants this Court the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court's task is limited to determining whether the ALJ's factual findings are supported by substantial evidence, which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (citation omitted). The decision will be reversed "only if [it is] not supported by substantial evidence or if the [ALJ] applied an erroneous legal standard." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000) (citation omitted).

To determine if substantial evidence exists, the Court "review[s] the entire administrative record but do[es] not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Id.* (citations omitted). "Rather, if the findings of the Commissioner … are supported by substantial evidence, they are conclusive." *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003) (citation omitted). "In other words, so long as, in light of all the evidence,

2

reasonable minds could differ concerning whether [the claimant] is disabled, we must affirm the ALJ's decision denying benefits." *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. ANALYSIS

*A. The Law*

Under the Act, a claimant is entitled to DIB or SSI if he establishes an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to … last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(D).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner evaluates disability claims pursuant to a five-step evaluation process, requiring consideration of the following issues, in sequence:  (1) whether the claimant is currently unemployed in substantial gainful activity, (2) whether he has a severe impairment, (3) whether his impairment is one that the Commissioner considers conclusively disabling, (4) whether he is incapable of performing his past relevant work, and (5) whether he is incapable of performing any work in the national economy.[2]  *See Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (citations omitted); *see also* 20 C.F.R. §§ 404.1520, 416.920.  An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled.  *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).  A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled.  *Id.*  The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner.  *Clifford*, 227 F.3d at 868.

---

[2] Before performing steps four and five, the ALJ must determine the claimant's RFC or what tasks the claimant can do despite his limitations.  20 C.F.R. §§ 404.1520(a)(4), 404.1545(a), 416.920(a)(4), 416.945(a).  The RFC is then used during steps four and five to help determine what, if any, employment the claimant is capable of.  20 C.F.R. § 404.1520(a)(4), 416.920(a)(4).

B.  *The Commissioner's Final Decision*

On December 18, 2019, the ALJ issued a decision that ultimately became the Commissioner's final decision. (AR 15-26). First, the ALJ found that O'Banion meets the insured status requirements of the Social Security Act through March 31, 2019. (AR 17). At step one, the ALJ concluded that O'Banion has not engaged in substantial gainful activity since December 1, 2017, the day subsequent to his prior disability benefits terminating. (*Id.*). At step two, the ALJ found that O'Banion has the following severe impairments: cervical spondylosis, degenerative disc disease of the lumbar spine, neuropathy in the left upper extremity, heart disease, lupus, Sjogrens disease, Renaud's syndrome, fibromyalgia, chronic obstructive pulmonary disease, major depressive disorder, and anxiety. (AR 17-18).

At step three, the ALJ concluded that O'Banion did not have an impairment or combination of impairments severe enough to meet or equal a listing. (AR 18). Before proceeding to step four, the ALJ determined that O'Banion's symptom testimony was not entirely consistent with the medical evidence and other evidence of record with respect to his limitations. (AR 21-24). The ALJ assigned O'Banion the following RFC:

> [T]he claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally stoop, kneel, crouch, balance, and climb ramps or stairs; can frequently push or pull with bilateral upper extremities; and can never crawl or climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to extreme cold, extreme heat, humidity, fumes, dusts, odors, gases, poor ventilation, and slick or uneven surfaces and must avoid even moderate exposure to unprotected heights. With work that can be learned in 30 days, or less, with simple routine tasks; is able to remain on task in two-hour increments; and with occasional interaction with coworkers and supervisors and no interaction with the general public.

(AR 20). The ALJ found at step four that O'Banion does not have any past relevant work. (AR 24). However, the ALJ found that jobs exist in significant numbers in the national economy that O'Banion can perform. (AR 25). Therefore, O'Banion's applications for DIB and SSI were denied. (AR 26).

*C. Subjective Symptoms*

O'Banion asserts that the ALJ failed to properly assess his subjective symptoms. "In determining whether an individual is disabled, [the ALJ is to] consider all of the individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). An ALJ's consideration of a claimant's symptom testimony is entitled to special deference because the ALJ is in the best position to evaluate the credibility of a witness. *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). If an ALJ's determination is grounded in the record and she articulates her analysis of the evidence "at least at a minimum level," *Ray v. Bowen*, 843 F.2d 998, 1002 (7th Cir. 1988) (citation omitted), creating "an accurate and logical bridge between the evidence and the result," *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) (citation omitted), her determination will be upheld unless it is "patently wrong," *Powers*, 207 F.3d at 435. *See Ray v. Berryhill*, 915 F.3d 486, 490 (7th Cir. 2019) (stating that with respect to an adverse credibility determination, it is a "rare case in which the claimant can overcome the 'considerable deference' [the court] afford[s] such findings unless they are 'patently wrong'" (citation omitted)); *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (remanding an ALJ's consideration of a claimant's symptom testimony because the ALJ's decision was based on "serious errors in reasoning rather than merely the demeanor of the witness").

The regulations require the ALJ to analyze a variety of factors in making a determination of a claimant's subjective symptoms. These factors include: daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medications; any additional treatments an individual receives for relief of symptoms; any non-treatment measures taken to relieve symptoms; and any other factors concerning an individual's functional limitations and restrictions due to symptoms. SSR 16-3p, 2017 WL 5180304, at *4.

The ALJ found that "a careful review of the record does not document sufficient objective medical evidence to substantiate the severity of the pain and degree of functional limitations alleged by

the claimant." (AR 21). The ALJ noted that O'Banion reported that he installed beams in the ceiling of his basement, repaired his truck, chopped firewood, and installed a water line to his home without assistance. (AR 24). The ALJ found these activities to contradict his claims that he is homeless, does not drive, and requires a walker to ambulate. (*Id.*). No other analysis of O'Banion's subjective symptoms exists in the ALJ's decision. The other portions of the decision include narrative lists of his symptoms and the medical evidence, but the ALJ provides no analysis of how O'Banion's symptoms are supported or contradicted by the evidence in the record.

    O'Banion argues that the ALJ mischaracterized his ability to install a water line. The ALJ relies on a treatment note stating that O'Banion planned to bury his water line from a well to his home without help. (AR 24, 879). The same treatment note shows medication increases due to pain from physical therapy and the addition of an anti-inflammatory. (AR 879). At the hearing, O'Banion stated he did not know why the doctor made the note about the water line, and that he did not bury the water line himself. (AR 42). O'Banion made this statement under oath. The ALJ provided no discussion of this discrepancy, and instead relied on one sentence in a treatment note without addressing the conflict in the evidence. This is an error, as the ALJ has relied on a note contradicted by testimony, while ignoring evidence from the same treatment note that indicates an increase in pain. The ALJ impermissibly cherry-picked one line of evidence from a treatment note while ignoring evidence to the contrary. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (citing *Myles v. Astrue*, 592 F.3d 672, 678 (7th Cir. 2009)).

    The ALJ also impermissibly relied on medical evidence prior to the alleged onset date. The ALJ relies on one treatment record from April 2017 (seven months before O'Banion's alleged onset date) which states that his hobbies include working on cars and cutting firewood, "anything to stay busy." (AR 384). There is nothing in the medical evidence after the alleged onset date to indicate that O'Banion is working on cars or cutting firewood. The ALJ also relied on a treatment note from the emergency room in November 2017 (a month before his alleged onset date) which stated that O'Banion injured his hand and foot "jacking up a beam with a hydraulic jack" in his basement. (AR 743). O'Banion's unsuccessful attempts to install a beam with a hydraulic jack in his basement a month before his alleged onset date has

no bearing on whether or not he meets the qualifications for disability a month later. Even more troubling, the ALJ ignored evidence from the same treatment note that indicated O'Banion could not walk without assistance. (*Id.*). The ALJ cannot rely on information outside the relevant period to support her finding that a claimant is not disabled. Three of the four activities that the ALJ relied on in dismissing O'Banion's subjective complaints are only present in the medical record prior to the alleged onset date. The fourth activity was contradicted by O'Banion in sworn testimony at the hearing. The ALJ has failed to build a logical bridge from the evidence to her conclusion that O'Banion is not disabled, and that his subjective symptoms are not as disabling as he alleges. This error requires remand. *Giles ex rel Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007).

The ALJ provided no analysis of how O'Banion's complaints of pain related to his fibromyalgia, cervical spondylosis, degenerative disc disease of the lumbar spine, or neuropathy in the left upper extremity were either consistent or inconsistent with the record. O'Banion reported pain with manipulation of his fingers, knees, and other joints. (AR 799-804). His doctors noted pain and tenderness in his lumbar spine, shoulders, thighs, hips, and right knee. (AR 795-98, 807-08). At the hearing, O'Banion testified that he cannot do "a whole lot of lifting" because "it hurts too bad." (AR 43). He testified that his joints hurt, particularly his neck and shoulders. (AR 44). He stated that the pain in his neck is constant at a nine out of ten. (*Id.*). He also testified that his hands and feet are numb all of the time. (*Id.*). He testified that his lower back hurts continuously, and that he struggles with moving due to his back and hip pain. (AR 45). He stated that from his knees down, "[i]t is just like a constant tingle" with sharp pains shooting from his feet through his legs. (AR 45-46). The ALJ provided no analysis of how these complaints of pain were supported or contradicted by the record. In her analysis, the ALJ only seems to find O'Banion's claims regarding his homelessness, his ability to drive, and his need for a walker to be inconsistent with the medical record. The ALJ provides no analysis of O'Banion's complaints of pain in the decision, yet the Commissioner erroneously relies on the ALJ's listing of O'Banion's complaints as a proper analysis. The ALJ may not simply list evidence, but rather, she must

draw a "logical bridge" between the evidence and her conclusion. *Giles ex rel Giles,* 483 F.3d at 486. The ALJ failed to do so here, and that error requires remand.

### D. Mental RFC

O'Banion also asserts that the ALJ erred in assessing his mental RFC. The RFC is "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning eight hours a day, for five days a week. SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996) (second emphasis omitted). That is, the "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Id.*; *see also Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

> The [RFC] assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomology, an individual's own statement of what he or she is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of all the evidence.

SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996); *see* 20 C.F.R. § 404.1545(a)(3), 416.945(a)(3). Therefore, when determining the RFC, the ALJ must consider all medically determinable impairments, mental and physical, even those that are non-severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); *see also Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008).

"[T]he expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient." *Knox v. Astrue*, 327 F. App'x 652, 657 (7th Cir. 2009) (citations omitted) (finding that the ALJ "satisfied the [RFC] discussion requirements by analyzing the objective medical evidence, [the claimant's] testimony (and credibility), and other evidence"). "The ALJ need not provide a written evaluation of every piece of evidence, but need only 'minimally articulate' [her] reasoning so as to connect the evidence to [her] conclusions." *Id.* at 657-58 (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004)); *see also Catchings v. Astrue*, 769 F. Supp. 2d 1137, 1146 (N.D. Ill. 2011).

The ALJ found O'Banion's major depressive disorder and anxiety to be severe impairments. (AR 17-18). The ALJ found that O'Banion has a mild limitation in understanding, remembering, or applying

information; a moderate limitation in interacting with others; a mild limitation in concentrating, persisting, or maintaining pace; and no limitation in adapting or managing himself. (AR 19). The ALJ relied on O'Banion's ability to complete complicated chores independently and his cooperative behavior to support her findings. (*Id.*). The ALJ noted that O'Banion's treatment for his mental impairments consisted of medication only, and that his medication schedule had to be altered due to testing positive for THC and benzodiazepines. (AR 22-23). The ALJ noted that O'Banion was not prescribed benzodiazepines at this time. (AR 23). She noted that despite being directed to initiate talk therapy, there was no evidence that he followed up on this direction. (*Id.*). Finally, the ALJ noted that although O'Banion complained of depression symptoms in 2018 and 2019 to his pain management specialist and primary care physician, in August of 2019 his primary care physician recorded no anxiety, depression, or mania during the examination. (*Id.*).

As an initial matter, the ALJ herself noted that O'Banion continued to report depression symptoms outside of one treatment note in August of 2019. (*Id.*). It is improper for the ALJ to rely on a single treatment note to indicate that a claimant's mental impairments were improved or not causing symptoms. *See Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) ("[A] person who suffers from a mental illness will have better days and worse days, so a snapshot of any single moment says little about her overall condition."). The ALJ's reliance on a single treatment note stating O'Banion was not experiencing symptoms was in error. The ALJ's explanation that O'Banion's primary care physician (and not a mental health expert) noted one day of no symptoms does not adequately account for two years of continued symptoms of depression and anxiety. The ALJ failed to properly explain how she reached her conclusion given the evidence in the record.

O'Banion argues that the ALJ improperly considered his failure to comply with treatment to dismiss his subjective symptoms and complaints. O'Banion reported staying with friends a few days at a time, not having money, and not having means of transportation. The ALJ dismissed O'Banion's claims of homelessness, but she failed to discuss how his lack of consistent transportation and lack of money might affect his ability to continue treatment. Moreover, the ALJ failed to acknowledge that O'Banion's

9

mental health impairments might affect his ability to continue treatment. *See Spiva v. Astrue*, 629 F.3d 346, 351 (7th Cir. 2010) (The ALJ erred in ignoring "one of the most serious problems in the treatment of mental illness – the difficulty of keeping patients on their medications."). While the ALJ's errors in this portion of the decision may seem insignificant, combined with the ALJ's errors in analyzing O'Banion's subjective complaints, remand is appropriate.

In sum, the ALJ erred in considering O'Banion's subjective symptoms and the effects of his mental impairments. As a result, a remand is warranted for reconsideration of O'Banion's subjective symptoms and mental impairments and their impact on the RFC.[3]

### IV.  CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED, and the case is REMANDED to the Commissioner for further proceedings in accordance with this Opinion and Order. The Clerk is DIRECTED to enter a judgment in favor of O'Banion and against the Commissioner.

SO ORDERED.

Entered this 2nd day of December 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[3] Because a remand is warranted for reconsideration of O'Banion's subjective symptoms and mental RFC, the Court need not reach O'Banion's remaining arguments. O'Banion's remaining arguments regarding the RFC and the VE's testimony rest on a proper consideration of O'Banion's mental impairments and subjective symptoms, and therefore a proper consideration of his mental impairments and subjective symptoms may impact those remaining arguments.