UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRANCE L. O'BANION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL )<br>SECURITY, *sued as Kilolo Kijakazi,* )<br>*Acting Commissioner of Social Security* )<br>*Administration*,[1] )<br>)<br>Defendant. ) | Case No. 1:20-cv-00354-SLC |

## OPINION AND ORDER

On March 7, 2022, this Court entered an Order (ECF 31) denying Plaintiff's Unopposed Motion for Extension of Time to File Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA") (ECF 30) filed on March 2, 2022—the deadline for filing Plaintiff's EAJA fee application under 28 U.S.C. § 2412. In doing so, the Court explained that Plaintiff's cursory motion was devoid of any factual and legal basis to permit the requested extension. (ECF 31 at 1). Now before the Court is Plaintiff's motion to reconsider that Order, offering various factual and legal arguments why the Court should allow the requested extension. (ECF 32). The Commissioner has not filed a response to the motion, and her time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A). For the following reasons, the Court is persuaded by at least one of the arguments in the motion to reconsider. Accordingly, the Court will grant the motion and consider Plaintiff's fee application on the merits once it is fully briefed.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security, *see, e.g.*, *Butler v. Kijakazi*, 4 F.4th 498 (7th Cir. 2021), and thus, she is automatically substituted for Andrew Saul in this case, see Fed. R. Civ. P. 25(d).

As explained in the prior Order, 28 U.S.C. § 2412(d)(1)(B) requires that "[a]n EAJA fees motion must be filed within thirty days of 'final judgment.'" (ECF 31 at 1-2 (quoting *Fugate v. Comm'r of Soc. Sec.*, No. 3:11-cv-390, 2013 WL 8229840, at *1 (S.D. Ohio May 24, 2013)). "'Final judgment' occurs at the end of the sixty-day period to file an appeal under Fed. R. App. P. 4(a)(1)(B)." (*Id.* at 2 (quoting *Fugate*, 2013 WL 8229840, at *1)). Here, final judgment was entered on December 2, 2021 (ECF 29), and thus, Plaintiff had until March 2, 2022, to file the EAJA fee application. (*Id.*). However, rather than file the fee application on that deadline, Plaintiff filed a two-page unopposed motion seeking a fourteen-day extension of the deadline. (ECF 30). The motion was devoid of any legal citations to support the requested extension of the statutory deadline, and the Court denied the motion.

In the thirteen-page motion to reconsider, Plaintiff emphasizes that his motion for extension was timely filed on the March 2, 2022, deadline for filing the fee application. (ECF 32 at 3). Citing several cases in this district, Plaintiff contends that "similar requests are routinely granted" by the district courts (including this Court), and it is not clear "how the extension request in this case differs from those in other cases." (*Id.* at 9 (citing *Hill v. Comm'r of Soc. Sec.*, 1:20-cv-00416-JEM, ECF 34-36; *Ford v. Comm'r of Soc. Sec.*, 3:20-cv-00975-MGG, ECF 26-28; *Cooper v. Comm'r of Soc. Sec.*, 2:21-cv-00119-JVB; *Rockey v. Comm'r of Soc. Sec.*, 1:21-cv-00064-JD-SLC, ECF 23-24)).

The cases cited by Plaintiff, however, are not similar to the instant circumstances, as none of them involved a request to extend the thirty-day statutory deadline in § 2412(d)(1)(b) for filing an EAJA fee application. Rather, they all reflect routine extensions to the briefing deadlines set by the Court or the Local Rules. And in any event, Plaintiff misses the point.

2

Regardless of the date Plaintiff filed his motion for extension, the Court correctly observed in its Order that Plaintiff did not, in fact, file his EAJA fee application by the March 2, 2022, deadline, and Plaintiff's motion was devoid of citations to "any legal authority by which the Court [could] extend this statutory deadline." (ECF 31 at 2).

Plaintiff now argues in the motion to reconsider that the "the Court has plenary authority to grant extensions of time," and extensions of time are contemplated by this Court's Local Rules and the Federal Rules of Civil Procedure. (ECF 32 at 4). Specifically, Plaintiff emphasizes that his motion included all of the elements identified by Local Rule 6-1 for seeking an extension of time, and also "good cause" for the requested extension under Federal Rule of Civil Procedure 6(b)(1)(A) in that it cited his attorney's current caseload and needing additional time to negotiate with the Commissioner's counsel to potentially resolve the EAJA fee issue. (*Id.* at 5 (citing ECF 30 ¶ 3)).

It is helpful to briefly review the caselaw pertinent to § 2412(d)(1)(B). "[P]rior to *Scarborough* [*v. Principi*, 541 U.S. 401 (2004)], "the circuit courts agreed unanimously that compliance with the 30-day deadline [in § 2412(d)(1)(B)] is a prerequisite to government liability that cannot be waived judicially." *Huichan v. Barnhart*, No. 05-C-0268-C, 2006 WL 6087660, at *1 (W.D. Wis. Oct. 10, 2006) (collecting cases). As one district court explained, before *Scarborough* "the mere filing within the 30-day statutory period of a motion for extension of time to file the application [did] not grant the court discretion to extend the congressionally-enacted statutory period. . . . [T]he 30-day filing requirement is tantamount to a statute of limitations." *Rodriguez v. United States*, No. 82 C 5064, 1987 WL 5244, at *2 (N.D. Ill. Jan. 5, 1987) (citation and internal quotation marks omitted).

In *Scarborough*, however, "the Supreme Court made clear that compliance with § 2412(d)(1)(B)'s requirements was not a prerequisite to the court's exercise of jurisdiction over the fee petition." *Huichan*, 2006 WL 6087660, at *1. Yet, "[t]he question in *Scarborough* was whether a plaintiff's failure to allege in her initial, *timely* EAJA petition that the government's position was 'not substantially justified' could be cured by an amended petition that was filed after the 30-day deadline had expired." *Id*. at 2. The Supreme Court was not "deciding whether or when a court could consider an untimely EAJA fee petition." *Id*. Although the Supreme Court overruled prior decisions "insofar as they described the EAJA's 30-day deadline as 'jurisdictional,' the Court gave no hint that it disagreed with the proposition that filing a fee petition within the EAJA's 30-day deadline was a prerequisite to receipt of an award." *Id*. Ultimately, the Supreme Court held that the "relation-back" doctrine could be applied to Scarborough's amended EAJA petition, and left open the question of whether equitable tolling could also apply.[2] *Scarborough*, 541 U.S. at 420-21.

But here, in contrast to *Scarborough*, Plaintiff did not file the EAJA fee application within the thirty-day statutory period and then seek to amend it after the deadline. Rather,

---

[2] Since *Scarborough*, several district courts in this circuit, including this one, have considered equitable tolling in the context of the thirty-day time limitation for filing EAJA fee applications. *Compare Hughes v. Comm'r of Soc. Sec.*, No. 1:16-cv-00023-SLC (N.D. Ind. Aug. 6, 2018), ECF 25 (finding an attorney's calendaring error did not justify equitable tolling); *Criss v. Berryhill*, No. 16 C 2348, 2017 WL 3430578, at *2 (N.D. Ill. 2017) (finding an attorney's docketing error did not warrant equitable tolling); *Huichan*, 2006 WL 6087660, at *3 (stating that equitable tolling would not apply where the plaintiff's untimeliness "was the result of a glitch in his lawyer's case management procedures"), *with Miller v. Colvin*, No. 11-cv-109, 2014 WL 2435538, at *2-3 (N.D. Ind. May 29, 2014) (applying equitable tolling where the break up of a law firm prevented the plaintiff's counsel from accessing the files necessary to complete the EAJA petition). "Equitable tolling permits courts to deem filings timely where a litigant shows that [he] has been pursuing [his] rights diligently but was prevented from filing within the statute of limitations due to extraordinary circumstances." *Hughes*, No. 1:16-cv-00023-SLC, ECF 25 at 3. "Equitable tolling is only appropriate in rare and exceptional circumstances." *Criss*, 2017 WL 3430578, at *2 (citations and internal quotation marks omitted). "Garden variety claims of excusable neglect do not justify equitable tolling." *Hughes*, No. 1:16-cv-00023-SLC, ECF 25 at 3.

Plaintiff filed a motion for extension of time within the thirty-day statutory period, seeking to file the fee application within fourteen days after the thirty-day period had expired.

"[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Huichan*, 2006 WL 6087660, at *3 (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)); *see Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991) (stating that the government's waiver of sovereign immunity is to be construed narrowly). Accordingly, "[a]lthough the thirty day deadline for an EAJA application is not a jurisdictional bar, the time limits for submitting EAJA fee applications are strictly construed because the EAJA is a waiver of sovereign immunity." *Moua v. Colvin*, No. 1:13-cv-00373-BAM, 2015 WL 3991170, at *2 (E.D. Cal. June 30, 2015) (citations omitted)).

Having said that, some district courts have concluded that the Commissioner can waive the statutory requirements of § 2412(d)(1)(B), "as it is the Government whose interests are protected by the section's requirements." *Vasquez v. Barnhart*, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006) (finding waiver of any untimeliness argument where the Commissioner failed to object and expressly asked the fee be awarded); *see also Minor v. Saul*, No. 4:20-cv-00113-AGF, 2021 WL 1733528, at *1 (E.D. Mo. May 3, 2021) (finding waiver of any untimeliness argument where the Commissioner agreed to an award of EAJA fees); *Charette v. Saul*, No. 3:18-cv-254, 2020 WL 1872326, at *1 (D.N.D. Jan. 13, 2020) (finding waiver of any untimeliness argument where the Commissioner did not object to the untimeliness of the motion for fees); *Smith v. Saul*, No. 2:18-cv-00029-AGF, 2019 WL 7194758, at *1 (E.D. Mo. Dec. 26, 2019) (finding waiver of any untimeliness argument where the Commissioner responded that he did not object to the award of fees); *Hickman v. Berryhill*, No. 3:17-CV-00050 BSM, 2018 WL 625103, at *1 (E.D.

Ark. Jan. 30, 2018) (finding waiver of any untimeliness argument where the Commissioner failed to file a response and the time to do so had passed).

Here, Plaintiff's motion for extension expressly reflects that the Commissioner did not oppose the requested fourteen-day extension of the thirty-day statutory period.  (ECF 30 ¶ 4).  Nor did the Commissioner file a response in opposition to Plaintiff's motion to reconsider the Court's Order denying the requested extension, and the Commissioner's time to do so has now passed.  N.D. Ind. L.R. 7-1(d)(3)(A).  By consenting to a fourteen-day extension of the thirty-day deadline in § 2412(d)(1)(B) prior to the deadline's expiration, and by failing to object to Plaintiff's motion to reconsider the Court's Order denying the extension, the Court concludes that in this particular instance the Commissioner has waived any untimeliness objection to Plaintiff's filing of the fee petition on March 16, 2022.

Consequently, the Court GRANTS Plaintiff's motion to reconsider (ECF 32) to the extent that the Court finds the Commissioner has waived any untimeliness objection to Plaintiff's filing of the fee application on March 16, 2022.  The Court will consider the fee application (ECF 32-1) and its exhibits (ECF 32-2, 32-3) ON THE MERITS after the briefing process is complete.  The Commissioner is AFFORDED to and including April 28, 2022, to file a response to the fee application, and Plaintiff is afforded to and including May 5, 2022, to file a reply.

SO ORDERED.

Entered this 14th day of April 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge